IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No: 3:10-112 |
| ) | |
| V. ) | |
| ) | **PLEA AGREEMENT** |
| **PATRICK LEWIS PARKS** ) | |
| a/k/a "Pat" ) | |

## General Provisions

This PLEA AGREEMENT is made this 8th day of March, 2010, between the United States of America, as represented by Acting United States Attorney Kevin F. McDonald, Assistant United States Attorney Julius N. Richardson; the Defendant, **PATRICK LEWIS PARKS**, and Defendant's Attorney, Allen Burnside, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges "Possession of Cocaine Base and Cocaine with the Intent to Distribute," in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

   In order to sustain its burden of proof, the Government is required to prove the following:

   (1) That the defendant knowingly and intentionally possessed the controlled substances described in the indictment;

   (2) At the time of such possession, the defendant knew that the substances were a controlled substance; and

> (3) That the defendant possessed the controlled substances with the intent to distribute.

The penalty for this offense is:

> 21 U.S.C. § 841(a)(1), (b)(1)(B): in a case involving 5 grams or more of cocaine base and no prior felony drug convictions - a minimum term of imprisonment of 5 years and a maximum term of imprisonment of 40 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least four (4) years in addition to any term of imprisonment, plus a special assessment of $100.
>
> 21 USC 841(a)(1), (b)(1)(C): in a case involving less than 500 grams of cocaine and no prior felony drug conviction - a maximum term of imprisonment of 20 years, no probation, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. <u>Fines</u> The Defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money

to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

B. <u>Special Assessment</u>  Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the

      Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4.    The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation

7. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he/she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further,

it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a. the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;

    b. all additional charges known to the Government may be filed in the appropriate district;

    c. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    d. the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement

becoming null and void.

9. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

   a. known to the Government prior to the date of this Agreement;

   b. concerning the existence of prior convictions and sentences;

   c. in a prosecution for perjury or giving a false statement; or

   d. in the event the Defendant breaches any of the terms of the Plea Agreement.

10. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of

sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). The Defendant further understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his/her plea.

## Merger and Other Provisions

11. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the

government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency

of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. The Attorneys for the Government agree to recommend that the Defendant not be prosecuted for any similar or related state crime stemming from the incident described in the indictment, so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding. Furthermore, the Defendant fully understands that he has no right to withdraw his guilty plea should such recommendation not be followed.

15. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

3·8·10
DATE

*[signature]*
**PATRICK LEWIS PARKS,**
Defendant

3/8/10
DATE

*[signature: Allen Burnside]*
Allen Burnside
Attorney for the Defendant

3/8/10
DATE

KEVIN F. MCDONALD
ACTING UNITED STATES ATTORNEY

BY: *[signature]*
Julius N. Richardson
Assistant U. S. Attorney

## U. S. DEPARTMENT OF JUSTICE
### Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. **This Special Assessment is due and payable at the time of the execution of the plea agreement.**

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 3:10-112 |
| **DEFENDANT'S NAME:** | PATRICK LEWIS PARKS |
| **PAY THIS AMOUNT:** | $100 |
| **PAYMENT DUE ON OR BEFORE:** | Date guilty plea is entered |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE MAILED OR HAND DELIVERED TO:

**Clerk, U.S. District Court**
**United States District Court**
**901 Richland Street**
**Columbia, SC 29201**
(Mon - Fri  9-4:30)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* **(Do Not send cash)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*