**IN THE DISTRICT COURT OF THE UNITED STATES**

**FOR DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CR. NO.: 3:10-112 (JFA)** |
| | ) | |
| | ) | **MOTION FOR DOWNWARD** |
| -v- | ) | **DEPARTURE AND/OR** |
| | ) | **NON-GUIDELINE** |
| | ) | **(VARIANCE) SENTENCE** |
| **PATRICK LEWIS PARKS** | ) | |

### I. Introduction

Comes now the defendant, PATRICK LEWIS PARKS, by and through his attorney, Allen B. Burnside, who respectfully moves the court to depart from the sentencing guidelines based on United States Sentencing Guidelines (U.S.S.G.) § 4A1.3(b) 1 and 3, Overstatement of Criminal History. The defendant also asks the court to impose a sentence that fully complies with 18 U.S.C. §3553(a). The Presentence Investigation Report (PSR) in the defendant's case has concluded that the guideline range is 210 to 262 months. The defendant has not objected to the PSR. In this motion, the defendant intends to show that this guideline range fails to take into account important factors about his background and reasons for committing the offense. Further, the defendant intends to show that a sentence within the guideline range would violate the requirement of 18 U.S.C. §3553(a) that the "court shall impose a sentence sufficient, but not greater than necessary" to further the statutory purposes of sentencing. (emphasis added).

Specifically, the defendant intends to show that his characterization as a career offender substantially overstates the seriousness of his prior record. This is true because

one of the two offenses driving the defendant's guideline calculations occurred when he was only 17 years old. Further, the defendant submits that the Court should vary from his guideline range based on extraordinary acceptance of responsibility.

## II. Request for a Non-Guideline (Variance) Sentence: The Law

The United States Supreme Court has now ruled that the Sentencing Guidelines are "effectively advisory." United States v. Booker, 125 S. Ct. 738 at 757 (2005). Under the procedure outlined in United States v. Moreland, 437 F.3d 424 (4th Cir. 2006), sentencing courts should employ a three step analysis. First, the Court should compute the defendant's guidelines. As written, the guidelines call for a sentencing range of 27 - 33 months. Then, the court should consider any basis for traditional departure and the extent of that departure. Lastly, the court should determine if any of the statutory factors set out in 18 U.S.C. §3553(a) would support a variance from the resulting guideline.

Section 3553(a) is composed of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of §3553(a) and the "factors" to be considered in fulfilling the mandate.

### A. The Section 3553(a) Sentencing Mandate: The "Parsimony Provision"

The basic mandate and overriding principle of section 3553(a) requires a district court to impose a sentence "*sufficient, but not greater than necessary*," to comply with the four purposes of sentencing set forth in subsection (2):

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant; and
(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the

>most effective manner;

18 U.S.C. § 3553(a)(2).

These four purposes of sentencing codify the historical theories of punishment and reflect the several separate goals of sentencing, namely retribution and prevention (section A), deterrence (section B), restraint and incapacitation (section C) and rehabilitation (section D).  Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* §5 (1972).  The sufficient-but-not-greater-than-necessary requirement has been described as the "parsimony provision."  See, e.g., United States v. Brown, 356 F. Supp. 2d 470, 479 (M.D. Pa. 2005), United States v. Wilson, 350 F. Supp. 2d 910, 922 (D. Utah 2005), United States v. Lacy, 99 F. Supp. 2d 108, 119 (D. Mass. 2000), United States v. Abbadessa, 848 F. Supp. 2d 369, 378 (E.D.N.Y. 1994)  ("The sentence imposed should therefore be the least severe sanction to achieve the purposes for which it is imposed").  Critically, the parsimony provision is not just another "factor" to be considered along with the others set forth in section 3553(a).  Rather, it sets a theoretical upper limit on the sentence a court may impose - what is sufficient but not greater than necessary to accomplish the goals of sentencing.

### B.  Section 3553(a) Factors to Be Considered

In determining what sentence is sufficient but not greater than necessary to comply with section 3553(a)(2) purposes, the court must consider the factors listed in section 3553(a).  These factors are:

>(1)  the nature and circumstances of the offense and the history and characteristics of  the defendant;
>(2)  the need for the sentence imposed - as discussed above, to comply with the  purposes of sentencing;
>(3)  the kinds of sentences available;
>(4)  the kinds of sentence and the sentencing range established under the sentencing guidelines;

 (5) any pertinent policy statement issued by the Sentencing Commission;
 (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)- (7).

Neither the statute nor <u>Booker</u> suggests that any one of these factors is to be given greater weight than any other factor. After calculating the range prescribed by the guidelines, the court should consider the factors set forth in § 3553 before imposing the sentence. The sentence will be affirmed as long as it is within the statutorily prescribed range and is reasonable. <u>United States v. Hughes</u>, 401 F.3d 540, 2005 WL 628224 (4th Cir. 2005). <u>Booker</u>, <u>Id.</u> at 764. Again, section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing is the overriding principal.

### III. Analysis - Application of the 3553(a) Principles to the Facts of This Case

#### A. Age of the Defendant When He Committed Offenses Used To Classify Him as a Career Offender

The defendant was born on July 15, 1981, so he is currently 29 years old. The two convictions used to classify him as a career offender can be found in paragraph 22 and paragraph 24.

Paragraph 22 recounts a conviction for armed robbery. This offense occurred on June 18, 1998. The defendant had only been 17 years old for three days on that day. Stated differently, if this offense had occurred three days earlier, the defendant would most probably have been prosecuted in family court. In all likelihood, this would not have even

been a point countable offense.  The defendant pled guilty to this offense on the same day that he pled guilty to the offense in paragraphs 23 and 24. He received a ten year sentence on each to run concurrently.  The defendant served over seven years for these crimes. Under the guidelines, these offenses would not even be counted separately, but for the fact that they are separated by intervening arrest.

The defendant contends that his youth at the time of these prior convictions is an important consideration concerning "the history and characteristics of the defendant" (3553(a)(1)) not factored into his guideline range. While 17 year olds are considered adults and can be prosecuted in General Sessions Court, they are not very far removed from their status as juveniles.  Our society recognizes that people under 21 years old should not be allowed to drink alcohol but still treats them as adults in criminal cases.

In Roper v. Simmons, 125 S. Ct. 1183, 543 U.S. 551 at 553 (2005) (outlawing the death penalty for juvenile offenders), the Supreme Court recognizes that there are three general differences between juvenile and adult offenders.  Because the defendant was only 17 years old at the time of one of these offenses and 18 at the time of the other, the logic of this case applies to him.  First, the known fact that juveniles are susceptible to immature and irresponsible behavior means "their irresponsible conduct is not as morally reprehensible as that of an adult." Thompson v. Oklahoma, 487 U.S. 835, 835.  Second, a "juvenile's vulnerability and comparative lack of control over their immediate surroundings means juveniles have a greater claim than adults to be forgiven for failing to escape negative influences in their environment."     Roper, at 553.  Third, "the reality that juveniles still struggle to define their identity means it is less supportable to conclude that

-5-

even a heinous crime committed by a juvenile is evidence of irretrievably depraved character." Id. at 553.

Not only was the defendant only 17 years old when he committed one of the offenses used to classify the defendant as a career offender, but the offense conduct itself is now over 11 years old. The conduct involved in the two offenses is similar. While the defendant's youthfulness at the time of these priors does not excuse the behavior, it does distinguish him from the mine run of other career offenders. After serving one quarter of his life at the South Carolina Department of Corrections, the defendant was released into one of the worst job markets in recent memory. He had an extremely difficult time finding legitimate employment. Of course none of this is meant to excuse the defendant's decision to become involved in the drug trade, but merely to explain how he could have made such a disastrous choice.

District Courts have long recognized their authority to depart, when appropriate, from the unduly harsh penalties required by the career offender guidelines. See United States. v. Senior, 935 F.2d 149 (8th Cir. 1991) and United States v. Brown, 903 F.2d 540 (8th Cir. 1995). Indeed, USSG § 4A1.3(b)(1) recognizes that a downward departure may be warranted where "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes". Section 4A1.3(b)(3) does limit downward departures on this rationale to one criminal history category, however, this limitation was a function of the mandatory guideline system. The defendant would request that the Court downwardly depart to the level the guidelines would have set, had he not been a career offender. The defendant's offense level would still have been 27 with a

criminal history of V, resulting in a range of 120-150 months.

## B. Extraordinary Acceptance of Responsibility

Under USSG § 3E1.1(b), a defendant who qualifies for the two level reduction under 3E.1.1(a), may also be given an additional one level reduction if the defendant had timely given the prosecution notice of intention to plead guilty, "timely permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently". Under the <u>advisory</u> guideline, a government motion is required for this reduction.

Virtually every cooperation plea agreement filed in the District of South Carolina contains the following language:

> The parties agree that if the Court determines the defendant has readily demonstrated acceptance of responsibility for his offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels. In addition, if the defendant qualifies for a decrease under § 3E1.1(a), the Government will move that he receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

This language was not included in the defendant's plea agreement. There was no discussion during plea negotiations about not including this language, and at least on the Defendant's side, the absence of this language from the plea agreement was purely an oversight.

If the government is unwilling to make a motion at sentencing under § 3E1.1(b) for the additional one level reduction, the defendant requests that the Court vary one level under the same rationale as this guideline. The defendant first appeared in federal court on February 26, 2010, and counsel was appointed. A plea agreement was signed and filed

on March 8, 2010. The defendant entered his guilty plea at his first pretrial conference on April 26, 2010. The defendant filed no motions, other than standard discovery motions, and has filed no objections to the PSR. In short, he has readily admitted the relevant conduct in this case. The defendant's actions allowed the government and the Court to refocus their attention on other cases and, in fairness, he should be given the three level reduction for acceptance of responsibility.

### IV. Conclusion

For the reasons stated herein, the defendant respectfully moves the Court to depart or vary from the established sentencing guidelines to the level where he would have been had he not been classified as a career offender, and give him a total of three levels for acceptance of responsibility. This would result in a total offense level of 27 and a criminal history category of V, with a resulting offense level of 120-150 months. Such a sentence will be sufficient to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense.

Respectfully submitted,

s/ALLEN B. BURNSIDE
Assistant Federal Public Defender
1901 Assembly Street, Suite 200
Columbia, South Carolina 29201
Telephone: (803) 765-5073
ATTORNEY ID# 1620
Email: Allen_Burnside@fd.org

Columbia, South Carolina

September 29, 2010